ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 01 2010

at 3 o'clock and 45 min. P.M.
SUE BEITIA, CLERK

ELIZABETH C. BRENNAN
Email: ebrennan@cftc.gov
STEVEN I. RINGER
Email: sringer@cftc.gov

Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005
Telephone: (646) 746-9747 (Brennan)
(646) 746-9760 (Ringer)
Facsimile: (646) 746-9939

See revisions made by court

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | Civil Action No. |
| | ~~CV 10-00144 (KSC)~~ |
| **Plaintiff,** | CV 10-00144 SOM-LEK |
| **v.** | |
| **PATRICK RAKOTONANAHARY, and CYBER MARKET GROUP, LLC,** | |
| **Defendants.** | |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AGAINST DEFENDANT PATRICK RAKOTONANAHARY

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") and Defendant Patrick Rakotonanahary ("Defendant" or "Rakotonanahary") consent to the entry of this Order for Preliminary Injunction ("Order") without an

adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendant for the purposes of this Order. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the matter, for purposes of this Order and without prejudice to further application by any party, finds:

1. This Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008, "CRA"), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008). Section 6c(e) of the Act, 7 U.S.C. § 13a-1 (2006), authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. 13a-1(e), in that Defendant is found, inhabits, or transacts business in

this district, and the act and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. The Commission has made a proper showing for a preliminary injunction pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006).

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

5. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. The term "person" means the plural or singular, and includes individuals, associations, partnerships, corporations, and trusts.

7. "Future Income" means direct or indirect income earned from employment, after the date of this Order, lawfully, in an amount up to but not exceeding $3,500.00 per month, as necessary for reasonable living expenses.

## I. *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that Defendant, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant, and all persons insofar as they are acting in active concert or participation with Defendant, including but not limited to Cyber Market Group, LLC ("Cyber), who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1. In or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market –

A. Cheating or defrauding or attempting to cheat or defraud the other person;

B. Willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; or

C. Willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2), with the other person

in violation of Section 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, to be codified at § 6b(a)(2)(A)-(C), which applies to Defendant's foreign currency ("forex") transactions, agreements, or contracts. Section 2(c)(2)(C)(iv) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iv).

## II. *Maintenance of and Access to Business Records*

**IT IS HEREBY ORDERED** that Defendant and all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with them, including but not limited to Cyber, who receive actual notice of such order by personal service or otherwise, are restrained and enjoined

from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant.

### III. *Asset Freeze*

**IT IS HEREBY ORDERED** that Defendant and all persons insofar as they are acting in the capacity of Defendant's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with them, including but not limited to Cyber, who receive actual notice of such order by personal service or otherwise, is restrained and preliminarily enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing,· loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets held by, under the control, or in the name of Defendant wherever located including assets held outside the United States.

### IV. *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED,** pending further order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of the Defendant and/or Cyber, or has held,

controlled, or maintained custody of any such account or asset of Defendant and/or Cyber at any time since June 2008 shall:

A. Prohibit Defendant and all other persons, including Cyber, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court; provided however, that this prohibition shall not apply to Defendant's Future Income;

B. Deny Defendant and all other persons, including but not limited to Cyber, access to any safe deposit box that is: (1) titled in the name of Defendant either individually or jointly with any other party; or (2) otherwise subject to access or control by Defendant and/or Cyber;

C. Provide the Receiver and counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each such account or asset titled in the name, individually or jointly, of the Defendant and/or Cyber or held on behalf of, or for the benefit of the Defendant, or under the control of the Defendant and/or Cyber;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant and/or Cyber, or is otherwise subject to access by Defendant;

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Defendant's and/or Cyber's accounts.

## V. *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant or that may be subject to any provision of this Order.

## VI. *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendant shall serve all accountings, correspondence, and notices required by this Order, and other materials on the Commission by delivering a copy to Elizabeth Brennan, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## VII. *Stay of Proceedings*

**IT IS FURTHER ORDERED** that all litigation of this matter is stayed, including filing of an answer pursuant to Federal Rule of Civil Procedure 8(b) and all other filings, appearances and discovery, until the related criminal matter now pending in the District of Hawaii, U.S. v. Patrick Rakotonanahary, Docket Number CR-10-00087 (JMS), has been resolved by Final Judgment and Order by the District Court. This stay shall not preclude resolution of this matter through settlement.

## VIII. *Execution of Order*

**IT IS FURTHER ORDERED** that this Order may be executed in separate counterparts.

## IX. *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

Consented to and
approved for entry by:

______________________________
Defendant Patrick Rakotonanahary

U.S. COMMODITY FUTURES TRADING
COMMISSION
Attorney for U.S. Commodity Futures
Trading Commission

By: ______________________________
Elizabeth C. Brennan
140 Broadway, 19th Floor
New York, New York 10005
ebrennan@cftc.gov

In light of the stay ordered here, the Clerk of Court is directed to administratively close this action without prejudice to any party. That is, the closing is administrative only and has no effect on the procedural or substantive rights of any party or on any limitations period. Any party may move to reopen the case, and the parties shall promptly inform this court in writing of the final judgment in U.S. v. Patrick H. Rakotonanahary, Docket Number CR 10-00087 (JMS).

See revisions made by court

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, June 1, 2010.

UNITED STATES DISTRICT COURT DISTRICT OF HAWAII

/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

U.S. Commodity Futures Trading Commission v. Patrick Rakotonanahary; Civ. No. 10-00144 (KSC); Consent Order of Preliminary Injunction Against Defendant Patrick Rakotonanahary